UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------

UNITED STATES OF AMERICA,

   Plaintiff,

v.

PAUL ADRIAN HEISELMAN,

   Defendant.

_____/

No. 1:23-CR-00143

Hon. Hala Y. Jarbou

## PLEA AGREEMENT

This constitutes the plea agreement between Paul Adrian Heiselman and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.  **Plea to Information.** Defendant gives up the right to Indictment by a grand jury and agrees to plead guilty to the Information, charging Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

2.  **Defendant Understands the Crime.** In order for Defendant to be guilty of violating Title 18, United States Code, Section 2252A(a)(5)(B), the following must be true: (1) Defendant knowingly possessed material that contained child pornography; (2) Defendant knew the material contained child pornography; and (3) the child pornography was transported in or affecting interstate commerce by any means, including by computer. Defendant is pleading guilty because Defendant is guilty of the charge described above.

3.  <u>Defendant Understands the Penalties</u>. The statutory minimum and maximum penalties that the Court can impose for a violation of Title 18, United States Code, Section 2252A(a)(5)(B), are the following:

Maximum Incarceration: 10 Years

Maximum Fine: $250,000

Minimum Supervised Release: 5 Years

Maximum Supervised Release: Life

Special Assessments: $100, $5,000, up to $17,000

4.  <u>Assessments, Restitution, Other Criminal Monetary Penalties, and Financial Cooperation</u>. Defendant agrees to pay the $100 special assessment on the day of sentencing. Defendant understands that he will be required to pay full restitution as required by law. Defendant agrees to pay restitution at the time of sentencing.

Within fourteen days of the execution of this plea agreement, Defendant agrees to fully and truthfully complete and return the financial disclosure form the U.S. Attorney's Office provides, including any waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information. Defendant authorizes the U.S. Attorney's Office to inspect and copy all financial documents and financial information held by the U.S. Probation Office and acknowledges that the U.S. Attorney's Office may share any information collected pursuant to this agreement with the U.S. Probation Office or the Court. Defendant acknowledges any restitution or other criminal monetary penalties imposed by the Court shall be due and payable immediately. Defendant acknowledges that any payment plan set by the Court for payment of

restitution or other criminal monetary penalties represents a minimum payment obligation and it does not preclude the United States from pursuing any other means under applicable federal or state law by which to satisfy Defendant's full and immediately enforceable financial obligation until the amounts are collected in full.

Defendant agrees to cooperate fully in the investigation of the amount of restitution or other criminal monetary penalties; the identification of funds and assets in which Defendant has any legal or equitable interest to be applied toward restitution or other criminal monetary penalties; and the prompt payment of the restitution or other criminal monetary penalties. Defendant's cooperation obligations are ongoing until Defendant has satisfied the monetary penalties, including restitution, in full. Defendant shall not provide false or incomplete information about his financial assets; or otherwise hide, sell, transfer, or devalue assets with the purpose of avoiding payment of restitution or other criminal monetary penalties.

5. <u>Supervised Release Defined</u>. Supervised release is a period following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6. <u>Suspension/Revocation of Professional License</u>. Defendant understands that if he holds a professional license, the conviction in this case may result in the suspension or revocation of that license.

7.      <u>Factual Basis of Guilt</u>.  Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing: On November 30, 2022, Defendant received a video from Arisknight Winfree, in which a 17-year-old girl is masturbating, with the focus of the video on the girl's genitals. Defendant knew that Winfree produced the video. In response to receiving the video, Defendant responded, "She ready for the cams". Defendant knew the girl depicted in the video was 17 years old. Defendant possessed the video while he was in the Western District of Michigan, specifically Ingham County, Michigan.

Defendant also knew that Arisknight Winfree used the website AuPair.com to pose as a family seeking an au pair, even though Winfree had no need for an au pair. Rather, Winfree told Defendant that he was going to use the website to entice women and girls to come to Winfree's house and that Winfree then intended to engage in sex acts with those women and girls. Winfree told Defendant about the fake listing, and he sought Defendant's input on what language to use in it. Defendant knew Winfree used that fake listing to entice a girl with the initials S.D., identified in WDMI Case No. 1:23-CR-15, to come from Italy to Winfree's house to work as an au pair. Winfree later tied S.D. up and sexually exploited her. While S.D. was tied up, Winfree called Defendant and told him as much. During that conversation, Winfree indicated to Defendant that Winfree intended to kill S.D. and hide her body to avoid prosecution.

8.      <u>Cooperation in Criminal Investigations</u>.  Defendant agrees to fully cooperate with the Federal Bureau of Investigation, the U.S. Attorney's Office, and any other law enforcement agency in their investigation of the charges contained in the

Information, as well as the investigation of crimes over which they have actual or apparent jurisdiction. Defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning Defendant's knowledge of any and all criminal activity of which he is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in Defendant's possession or under Defendant's control, including, but not limited to, objects, documents, and photographs. Defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which Defendant should reasonably know will assist in the investigation of other criminal activity. Defendant will not commit any criminal offense during the course of his cooperation with the United States. Defendant will submit to polygraph examination(s) upon request. Defendant's obligation under this paragraph is a continuing one, and it shall continue after sentencing until all investigations and prosecutions in which Defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

9.  <u>Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the

Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

10. <u>Protection for the Proffered/Cooperative Statements</u>. The U.S. Attorney's Office agrees that information provided by Defendant through Defendant's proffer(s), and any information provided pursuant to Defendant's promise to cooperate as described in this agreement, will not be used by the Government to enhance Defendant's sentence, in accordance with Sentencing Guidelines § 1B1.8, and according to the terms of the written agreement entered into between the parties immediately prior to the proffer(s). It is expressly understood, however, that such information may be used by the Government at sentencing if Defendant takes a position at sentencing that contradicts information provided by Defendant pursuant to this agreement or any proffer agreement.

11. <u>No Additional Sentence Reduction Motions</u>. Defendant understands that the Government will not file a motion for departure or reduction of sentence pursuant to Sentencing Guidelines § 5K1.1 and/or Rule 35(b) of the Federal Rules of Criminal Procedure.n

12. <u>The Sentencing Guidelines</u>. Defendant understands that, although the United States Sentencing Guidelines (Guidelines) are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that

Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory Choose an item. penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

13. **There is No Agreement About the Final Sentencing Guidelines Range.** Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments, and departures.

14. **Waiver of Constitutional Rights.** By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

    a.    The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

    b.    The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

    c.    The right to confront and cross-examine witnesses against Defendant.

    d.    The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    e.    The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

    f.    By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

15.    <u>Waiver of Other Rights</u>.

    a.    <u>Waiver</u>. In exchange for the promises made by the government in entering this plea agreement, Defendant waives all rights to appeal or collaterally attack Defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

    b.    <u>Exceptions</u>. Defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

        i.    Defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

      ii.      Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

      iii.      the district court incorrectly determined the Sentencing Guidelines range, if Defendant objected at sentencing on that basis;

      iv.      Defendant's sentence is above the Sentencing Guidelines range as determined by the court at sentencing and is unreasonable;

      v.      the guilty plea was involuntary or unknowing;

      vi.      an attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, Defendant may not present any issue in the proceeding other than those described in this subparagraph.

16.    <u>FOIA Requests.</u>  Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17.    <u>Hyde Waiver.</u>  Defendant acknowledges, by his voluntary admission of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and Defendant hereby disclaims and waives any right to make any claim for attorney fees.

18. <u>The Court is not a Party to this Agreement</u>. Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one — not the prosecutor, Defendant's attorney, or the Court — can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

19. <u>This Agreement is Limited to the Parties</u>. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state, or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

20. <u>Consequences of Breach</u>. If Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an

event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

21. <u>Sex Offender Registration and Medical Testing</u>.

    a. <u>Registration</u>. Defendant acknowledges and agrees that Defendant must register as a sex offender in all applicable jurisdictions, including, but not limited to the jurisdictions where Defendant was convicted, resides, works, and attends school. Defendant understands that failure to register may subject him to prosecution.

    b. <u>Medical Tests</u>. Defendant agrees to be tested for sexually transmittable diseases and the etiologic agent for acquired immune deficiency syndrome. Defendant further agrees that if the initial test for the etiologic agent for immune deficiency syndrome is negative, Defendant will be re-tested six (6) months and again twelve (12) months following the initial test. 42 U.S.C. § 14011.

22. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

United States v. Paul Adrian Heiselman
Plea Agreement Signature Page

|  |  |
|---|---|
| 11/21/2023<br>Date | MARK A. TOTTEN<br>United States Attorney<br><br>*[signature]*<br>DAVIN M. REUST<br>Assistant United States Attorney |

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

|  |  |
|---|---|
| 11/16/23<br>Date | *[signature]*<br>PAUL ADRIAN HEISELMAN,<br>Defendant |

I am Paul Adrian Heiselman's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

|  |  |
|---|---|
| 11-16-23<br>Date | *[signature]*<br>ROBERT S. MULLEN<br>Attorney for Defendant |